**In re Petition for REINSTATEMENT OF Sharon D. RAMIREZ, a Minnesota Attorney, Registration No. 231162.**

No. A04–2499.

Supreme Court of Minnesota.

July 28, 2009.

O R D E R

On August 17, 2006, we ordered petitioner Sharon D. Ramirez reinstated to the active practice of law, subject to indefinite probation, upon proof that she has successfully completed the state bar examination, including the professional responsibility portion, and is current with continuing legal education requirements. By affidavit filed with the court on July 20, 2009, peti-

tioner provided proof of her compliance with these requirements.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Sharon D. Ramirez is reinstated to the active practice of law and placed on indefinite probation, subject to the following terms and conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide the Director with a current mailing address and shall promptly notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

c. Petitioner shall report her employment status to the Director at least quarterly and shall promptly notify the Director of any change in employment. Petitioner shall not engage in the private practice of law under her Minnesota license unless and until a supervisor has been appointed or the Director has determined, in his reasonable discretion, that supervision is not required to adequately protect clients or the public.

d. Petitioner shall not engage in any employment using her Minnesota license to practice law in which she will have an expense account or access to employer or client funds until a system of supervision satisfactory to the Director has been established or has been determined

by the Director, in his reasonable discretion, to be unnecessary.

BY THE COURT:

/s/ Alan C. Page
Associate Justice